UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MAUDIE STOLL,<br><br>    Plaintiff,<br><br>   v.<br><br>RAQUEL PERRY,<br><br>    Defendant. | No. 2:22-CV-1322 WBS DB<br><br><br>ORDER OF REMAND |

----oo0oo----

This unlawful detainer case was removed by defendant on the basis of purported federal question jurisdiction. (Docket No. 1.)  However, the notice of removal and the attached state court complaint do not indicate any basis for federal question jurisdiction under 28 U.S.C. § 1441(a), aside from defendant's bare assertion that "[t]he complaint presents federal questions." Nor do the filings in this case indicate any basis for diversity jurisdiction under 28 U.S.C. § 1332.

A federal district court may remand a case sua sponte

1

where a defendant has not established federal jurisdiction.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."); Enrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).  Further, a defendant has the burden of showing that removal was proper.  Enrich, 846 F.2d at 1195.  Because defendant has provided no basis for removal of this case, and the court is unaware of any such basis, this action is hereby REMANDED to the Superior Court of the State of California, in and for the County of Sacramento.  Cf. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

IT IS SO ORDERED.

Dated: August 5, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE